UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:16-cr-40051-SLD-3 |
| REGINA NANCY HEAVENER, | ) |
| Defendant. | ) |

### ORDER

Before the Court are Defendant Regina Nancy Heavener's pro se motion for compassionate release, ECF No. 167, and counseled Second Amended Motion for Compassionate Release, ECF No. 173, and the United States' Motion to File Exhibit Under Seal, ECF No. 181. For the reasons that follow, the motions for compassionate release are DENIED, and the motion for leave to file under seal is GRANTED.

### BACKGROUND

On March 6, 2018, Defendant was sentenced to 120 months of imprisonment for conspiracy to distribute and distribution of actual methamphetamine. *See* Judgment 1–3, ECF No. 112. She is currently serving her sentence at Federal Correctional Institution ("FCI") Greenville in Greenville, Illinois and is scheduled to be released on March 22, 2025. *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for "Regina" with "Nancy" with "Heavener") (last visited July 6, 2021). In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion for an order reducing her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court appointed the Federal Public Defender to represent Defendant with respect to this motion. *See* Feb. 26, 2021 Text Order. An amended motion was filed by counsel on March 22, 2021. The United States opposes Defendant's request

1

for compassionate release. Resp., ECF No. 182. Pursuant to the Court's direction, *see* May 20, 2021 Text Order, Defendant filed a reply addressing her vaccination status, *see* Reply, ECF No. 189.[1]

## DISCUSSION

### I. Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks and citation omitted).

### II. Analysis

In her counseled motion, Defendant acknowledged that she had already contracted COVID-19, but argued that she had established an extraordinary and compelling reason for a sentence reduction because she "is among those most at risk of serious illness or death if she

---

[1] This is Defendant's second set of compassionate release motions. *See* First Pro Se Mot. Compassionate Release, ECF No. 143; Am. Mot. Compassionate Release, ECF No. 146. The Court denied Defendant's first set in June 2020, June 5, 2020 Order, ECF No. 155, and denied her request for reconsideration a few months later, Dec. 8, 2020 Text Order.

2

again contracts the coronavirus" based on her obesity and hypertension. Second Am. Mot. Compassionate Release 11–12. In response, the United States notes that Defendant received her first dose of the Pfizer COVID-19 vaccine on April 5, 2021. Resp. 4. It argues that the Court should deny Defendant's motion because her "prior COVID infection, her subsequent COVID vaccination, and the Bureau of Prison's [sic] COVID precautions sufficiently mitigate [her] risk, if any, of a severe reaction to a COVID reinfection." *Id.* at 1.[2] In the reply, Defendant's counsel indicates that she was unable to confirm whether Defendant received the second dose of the vaccine, but notes that "the second dose would have been administered sometime during the last week of April if the BOP followed" the recommended timeline. Reply 10. Citing a news story reporting that instances of fully vaccinated people becoming infected with COVID-19 "are exceedingly rare" and statistics about COVID-19 vaccines and cases at FCI Greenville, Defendant "concede[s] that the risks to her health . . . are properly characterized as less extraordinary and less compelling than they were at the time" she filed her motion. *Id.* at 11–12.

In light of Defendant's concession, the Court finds she has failed to establish an extraordinary and compelling reason for release. Even though Defendant has at least two conditions—obesity and hypertension—which the Centers for Disease Control and Prevention ("CDC") states may increase her risk for severe illness from COVID-19, *see People With Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021), Defendant has been at least partially vaccinated and there are currently no COVID-19 cases at FCI Greenville, *see COVID-19 Coronavirus*, BOP,

---

[2] The United States does not argue that Defendant failed to exhaust her administrative remedies, so the Court need not address the exhaustion requirement. *Cf. United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citations omitted)).

https://www.bop.gov/coronavirus/ (scroll to "COVID-19 Cases" and click on "Full breakdown and additional details") (last visited July 6, 2021). Moreover, 153 staff members and approximately two thirds of FCI Greenville's inmates have been fully vaccinated. *See id.* (scroll to "COVID-19 Vaccine Implementation" and click on "Learn more about vaccinations and view individual facility stats") (last visited July 6, 2021); *FCI Greenville*, BOP, https://www.bop.gov/locations/institutions/gre/ (last visited July 6, 2021) (noting that there are 1,242 total inmates at FCI Greenville). As Defendant concedes, her "risk of reinfection has . . been significantly reduced due to the prevalence of fully vaccinated inmates and staff members at Greenville." Reply 11.

## CONCLUSION

Accordingly, Defendant Regina Nancy Heavener's pro se motion for compassionate release, ECF No. 167, and counseled Second Amended Motion for Compassionate Release, ECF No. 173, are DENIED. The United States' Motion to File Exhibit Under Seal, ECF No. 181, is GRANTED because Defendant's medical records should be sealed.

Entered this 6th day of July, 2021.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE